IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David "Osiris" Buff, #311020, ) | C/A No. 5:14-03022-TLW-KDW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Report and Recommendation |
| Bryan P. Stirling, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging Defendant violated his constitutional rights. This matter is before the court on Defendant's Motion to Dismiss, ECF No. 23, and Plaintiff's Motion for a Preliminary Injunction, ECF No. 30. As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on October 31, 2014, advising Plaintiff of the importance of motions to dismiss and of the need for him to file an adequate response. ECF No. 24. Plaintiff filed a Response to Defendant's Motion on December 1, 2014, ECF No. 29, and Defendant filed a Reply on December 11, 2014, ECF No. 33. On December 1, 2014, Plaintiff filed a Motion for Preliminary Injunction, ECF No. 30, and on December 17, 2014, Defendant filed a Response to Plaintiff's Motion, ECF No. 36. Plaintiff filed a Reply on January 22, 2015. ECF No. 46. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because the Motions are dispositive, a Report and Recommendation is entered for the court's review.

I.  Background

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

Plaintiff David "Osiris" Buff is currently an inmate at SCDC's Lieber Correctional Institution ("LCI"). ECF No. 1. In his Complaint, he alleges that on March 19, 2009, he was administratively segregated in the Special Management Unit ("SMU") for "non-disciplinary or non-behavioral reasons." *Id.* at 2. Plaintiff alleges that he will remain in SMU for the duration of his sentence. *Id.* Plaintiff describes the conditions of his confinement in SMU, including the length of time an inmate must stay in a single prison cell and the hours allotted for outside recreation. *Id.* Additionally, he describes the activities, such as participation in educational activities and group religious activities, that are prohibited to inmates in SMU. *Id.* Finally, Plaintiff maintains that he is isolated from contact with "current thoughts, ideas, information and news. . . .[and is] completely cut off from all public affairs and media outlets [and] from the entire world of information and visual stimuli. . . ." *Id.* at 3.

For his first cause of action, Plaintiff alleges a "violation of the First Amendment right to receive information, actionable pursuant to 42 U.S.C. § 1983." *Id.* Plaintiff maintains that the SMU policy that completely restricts the receipt of certain information violates the First Amendment. *Id.* Plaintiff identifies 21 "ways" that his First Amendment rights are allegedly violated by SCDC's mail policies. *Id.* at 3-4.

As a second cause of action, Plaintiff alleges "violation of the Fourteenth Amendments (sic) Equal Protection and Treatment Clause of First Amendment Rights Pursuant to 42 U.S.C. § 1983." *Id.* at 5. Specifically, Plaintiff alleges that certain SCDC policies restricting "the receipt and possession of publications[,] photographs and internet information through the mail, [] violate[] the Equal protection and treatment clause of the Fourteenth Amendment." *Id.* Plaintiff

2

identifies 22 "ways" that his constitutional equal protection and treatment rights are violated. *Id.* at 5-7.

Plaintiff requests an entry of judgment against Defendant, several forms of injunctive relief, declaratory relief detailing and stating that Defendant violated his constitutional, federal, and state rights, and any additional relief the court deems just and proper. *Id.* at 7. Finally, Plaintiff demands a trial by jury. *Id.*

II.     Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiff must only plead "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In order for Plaintiff's Complaint to survive Defendant's Motion to Dismiss, Plaintiff does not need to plead detailed factual allegations in his Complaint. *See id.* However, the United States Supreme Court has held that a plaintiff's grounds for relief requires more than just stating legal conclusions and elements of a cause of action. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that, on a motion to dismiss, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."). Plaintiff's complaint must contain sufficient factual allegations that make a claim for relief plausible, not just possible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.*, 550 U.S. at 570. This court must accept Plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011).

III.    Analysis

    A.  Defendant's Motion to Dismiss

In his Motion to Dismiss, Defendant initially submitted the following arguments to the court: 1) he is entitled to Eleventh Amendment Immunity; 2) he should be granted qualified immunity to the extent Plaintiff has alleged claims against him in his individual capacity because Plaintiff only mentioned Defendant in relation to activities involving his discretionary functions as SCDC director, namely implementing policies; and 3) the doctrine of respondeat superior does not apply in §1983 actions, and Plaintiff's Complaint does not allege that Defendant was personally responsible for any of the alleged incidents. ECF No. 23. In his Response to Defendant's Motion, Plaintiff indicated that he was seeking only injunctive relief, not monetary relief. ECF No. 29 at 2. Therefore, Plaintiff argued that Eleventh Amendment Immunity and qualified immunity are not cognizable defenses when a plaintiff is seeking injunctive relief. *Id.* at 2-4. In Reply, Defendant acknowledges that sovereign immunity and qualified immunity "are not appropriate for claims seeking only injunctive and declaratory relief and therefore agrees to abandon the same for those specific claims." ECF No. 33 at 2. Accordingly, Defendant argues an alternate ground for dismissal. *Id.* at 2-3. The undersigned will address the alternate ground Defendant raises in his Reply, ECF No. 33, as well as his third argument presented in his Motion to Dismiss, ECF No. 23, which he did not abandon in his Reply.

1. Alternative Legal Argument

Defendant maintains that absent extraordinary circumstances, federal courts should not immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities. ECF No. 33 at 2. Further, Defendant argues that the relief Plaintiff seeks would require this court to be responsible for the administration of SCDC policies and procedures. *Id.* Finally, Defendant maintains that the Supreme Court and several South

Carolina District Court judges have upheld prison policies that restrict SMU inmates' access to newspapers, magazines, and photographs. *Id.* at 3.

Generally, inmates enjoy a First Amendment right to receive and send mail, but prison officials may adopt regulations that impinge on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safely,* 482 U.S. 78, 89 (1987); *Thornburgh v. Abbott*, 490 U.S. 401, 414-15 (1989); *Corey v. Reich*, No. C/A 0:02-2801-12, 2004 WL 3090234, at *9-10 (D.S.C. Mar. 9, 2004) *aff'd,* 103 F. App'x 753 (4th Cir. 2004). To determine whether a policy or regulation is reasonable, the Court examines four factors: (1) whether the regulation or policy is rationally related to a legitimate governmental interest; (2) whether there are alternative means of exercising the right; (3) what effect accommodation of the interest would have on guards, other inmates, and the allocation of prison resources; and (4) whether there are ready alternatives with which the prison could continue to serve its interest without impinging on constitutional rights. *Turner,* 482 U.S. at 89-90. Legitimate penological interests include preserving prison security and maintaining order and discipline. *Thornburgh*, 490 U.S. at 423. Moreover, in noting the difficult and delicate problems of prison management, the Supreme Court has "afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." *Id.* at 408; *see also Altizer v. Deeds*, 191 F.3d 540, 547 (4th Cir. 1999) (holding that a prison rule that impinges on an inmate's constitutional rights is valid if reasonably related to legitimate penological interests).

This court is tasked with determining whether the SCDC policies of which Plaintiff complains pass constitutional muster. To the extent SCDC policies are reasonably related to a

legitimate governmental interest, Defendant correctly asserts that the court should abstain from substituting its judgment for that "of the trained penological authorities charged with the administration of [prison] facilities." ECF No. 33 at 2 (citing *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994). Defendant cites to *Beard v. Banks*, 548 U.S. 521 (2006), in support of his contention that SCDC's policy does not violate a "prisoner's rights protected under the constitution." ECF No. 33 at 3. The *Beard* case arose from a summary judgment motion, and the Supreme Court held that prison officials set forth adequate legal support for the policy denying prisoners in Pennsylvania's Long Term Segregation Unit access to newspapers, magazines, or personal photographs. *Id.* at 525. There, in affirming, the Supreme Court relied on "several justifications for the prison's policy, including the need to motivate better behavior on the part of particularly difficult prisoners, the need to minimize the amount of property they control in their cells, and the need to ensure prison safety, by, for example, diminishing the amount of material a prisoner might use to start a cell fire." *Id.* at 530.

Neither the Supreme Court nor the South Carolina District Court cases to which Defendant cite hold, that as a matter of law, it is constitutional for prisons to restrict an SMU's inmates' access to newspapers, magazines, and photographs. Instead, the cases hold that certain polices are not unconstitutional when the record before the court demonstrates that they are reasonably related to legitimate governmental objectives. *See e.g., Peoples v. Burtt*, No. C/A 8:07-2702-CMC-BHH, 2008 WL 2315865, at *5 (D.S.C. May 30, 2008) (granting *summary judgment* and relying on affidavit that "discusses other penological objectives served by the policy at issue"); *Wiles v. Ozmint*, No. C/A 0:05-2111-CMC-BM, 2006 WL 2260136, at *10 (D.S.C. Aug. 7, 2006) *aff'd*, 221 F. App'x 257 (4th Cir. 2007) (granting *summary judgment*

where, "[w]ith respect to Plaintiff's complaints about the receipt of publications through the mail [that] Defendants' evidence reflects the motivations and rationale behind these policies"); *Koon v. Ozmint*, No. C/A 806-2000-RBH, 2007 WL 1486067, at *4 (D.S.C. May 18, 2007) (granting *summary judgment* where evidence demonstrated that "SCDC policy for SMU inmates is rationally related to legitimate and neutral governmental objectives"); *Corey v. Reich*, No. C/A. 0:02-2801-12, 2004 WL 3090234, at *9 (D.S.C. Mar. 9, 2004) *aff'd*, 103 F. App'x 753 (4th Cir. 2004) (granting *summary judgment* where "the evidence from the Defendants, fails to show a violation of Plaintiff's constitutional rights").

Simply put, Defendant filed his Motion to Dismiss prematurely. The undersigned cannot dismiss Plaintiff's Complaint based on the four corners of this pleading only. Rather, the undersigned would have to examine the specific SCDC policies at issue and the Defendant's justifications for those policies which would likely come in the form of affidavits, deposition testimony, or other discovery information. Defendant has failed to present the court with any factual justification for the SCDC policies in place of which Plaintiff complains. Moreover, there is no evidence demonstrating to the court that said policies are reasonably related to legitimate penological interests. Therefore, a factual dispute remains at issue. Accordingly, the undersigned recommends denying Defendant's Motion to Dismiss based on his alternative legal argument of legitimate penological interest.

2.  Respondeat Superior

Defendant argues that it is well established that the doctrine of respondeat superior does not apply in §1983 actions. ECF No. 23 at 5. Further, Defendant maintains that Plaintiff's

Complaint does not allege that Defendant was personally responsible for any of the alleged incidents. *Id.* The undersigned agrees.

"Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837 (citation omitted). To successfully pursue such a theory, Plaintiff must demonstrate that he faced a pervasive and unreasonable risk of harm from a specified source, and that the supervisor's corrective inaction amounted to deliberate indifference or tacit authorization of the offensive practices. *Id.*; *see also Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984).

Here, Plaintiff alleges that certain policies violate his First Amendment rights. Plaintiff does not allege that a specific SCDC employee, other than Defendant, deprived him of a constitutionally-protected right. Therefore, the undersigned finds that Plaintiff has failed to allege a causal link between any action or inaction on the part of any SCDC employee and Defendant. Therefore, to the extent Plaintiff attempts to rely on the doctrine of supervisory liability to hold Defendant liable on his claims, the undersigned recommends dismissing such cause of action.

### B.  Plaintiff's Motion for Injunctive Relief

In his Motion for Injunctive Relief, ECF No. 30, Plaintiff alleges that he is being deprived of publications, photographs, and internet information by mail because he used to be a Security Threat Group member. Specifically, he maintains that he is challenging the blanket ban

on his receipt of these materials while he is housed in SMU. *Id.* at 2. Plaintiff addresses the four factors assessed when considering a motion for injunctive relief. *Id.* at 2-5. Defendant argues that exceptional circumstances do not exist to warrant granting Plaintiff's Motion. ECF. No. 36. The undersigned agrees.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

An analysis of the *Winter* factors reveals that Plaintiff's request for injunctive relief should be denied. First, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint. Second, though Plaintiff will continue to be deprived of receipt of certain mail materials, the loss would be temporary if Plaintiff prevails in his case. Finally, Plaintiff has not shown that the balance of equities tip in his favor or that a preliminary

injunction is in the public interest. Accordingly, it is recommended that Plaintiff's request for injunctive relief, ECF No. 30, be denied.[2]

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant's Motion to Dismiss, ECF No. 23, be GRANTED IN PART AND DENIED IN PART. Further, it is recommended that Plaintiff's Motion for Injunctive Relief, ECF No. 30, be DENIED.

IT IS SO RECOMMENDED.

March 5, 2015                                                  Kaymani D. West
Florence, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] Additionally, the undersigned notes that it is not this court's role to interfere with the daily operations of Plaintiff's custody. *See Sweet v. S. Carolina Dep't of Corrections*, 529 F.2d 854, 859 (4th Cir. 1975) (describing Federal Court's deference to prison administrators and all administrative matters unless the condition arises to the level of a constitutional violation). As discussed *supra*, the determination of whether Plaintiff's deprivation of certain materials is a constitutional violation requires additional evidence.