IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| DAVID BUFF, a/k/a David Keith Buff, a/k/a Osiris, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 5:14-cv-03022-TLW |
| BRYAN P. STIRLING, ) ) | |
| Defendant. ) ) | |

**ORDER**

Plaintiff David Buff, proceeding pro se and in forma pauperis, filed this civil action pursuant to 42 U.S.C. § 1983 against Bryan P. Stirling in his capacity as Director of the South Carolina Department of Corrections ("SCDC").[1] (Doc. #1). Plaintiff is incarcerated in the Special Management Unit at the Lieber Correctional Institution in Ridgeville, South Carolina, and he alleges that the Unit's policies violate his First and Fourteenth Amendment rights. Id. Defendant Stirling filed a motion to dismiss this action on October 30, 2014. (Doc. #23). Plaintiff filed a response in opposition on December 1, 2014 (Doc. #29), to which Defendant Stirling replied on December 11, 2014 (Doc. #33). Plaintiff filed a motion for a preliminary injunction on December 1, 2014. (Doc. #30). Defendant Stirling filed a response in opposition on December 17, 2014 (Doc. #36), and Plaintiff replied on January 22, 2015 (Doc. #46).

This matter is now before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kaymani D. West, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), (D.S.C.). In the

---

[1] Plaintiff also named SCDC as a defendant in this case. The Court dismissed Plaintiff's claims against SCDC by Order dated November 7, 2014. (Doc. #26).

Report, the Magistrate Judge recommends that this Court grant the motion to dismiss to the extent that the Complaint alleges that Defendant Stirling is liable for the actions of SCDC employees under a theory of *respondeat superior* and deny the motion in all other respects. (Doc. #50). She further recommends that the Court deny Plaintiff's motion for a preliminary injunction. Id. The parties' objections to the Report were due by March 23, 2015. Neither party filed objections, and these matters are now ripe for disposition.

The Court is charged with conducting a de novo review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained therein. 28 U.S.C. § 636. However, in the absence of objections to the Report, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendation. See Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

In light of this standard, the Court has carefully reviewed the Report and concludes that it accurately summarizes the case and the applicable law. Accordingly, it is hereby **ORDERED** that the Report and Recommendation is **ACCEPTED**. (Doc. #50). For the reasons articulated by the Magistrate Judge, Defendant Stirling's motion to dismiss is **GRANTED** to the extent that the Complaint alleges that Defendant Stirling is liable for the actions of SCDC employees under a theory of *respondeat superior*. (Doc. #23). The motion to dismiss is **DENIED** in all other respects. Plaintiff's motion for a preliminary injunction is **DENIED**. (Doc. #30).

    **IT IS SO ORDERED.**

                                                       _s/ Terry L. Wooten_
                                                       Terry L. Wooten
                                                       Chief United States District Judge

April 9, 2015
Columbia, South Carolina